| | |
|---|---|
| Attorney or Party Name, Address, Telephone & FAX Nos., State Bar No. & Email Address<br><br>**Julian Bach          BAR ID: 162421**<br>Law Office of Julian Bach<br>17011 Beach Blvd., Suite 300<br>Huntington Beach, CA 92647<br>**Telephone # 714-848-5085    Fax # 714-848-5086**<br>E-Mail: Julian@jbachlaw.com<br><br><br><br><br>☒ *Attorney for Movant(s)*<br>☐ *Movant(s) appearing without attorney* | FOR COURT USE ONLY |

**UNITED STATES BANKRUPTCY COURT**
**CENTRAL DISTRICT OF CALIFORNIA – LOS ANGELES DIVISION**

| | |
|---|---|
| In re:<br><br>RICHARD QUINTANA and VICTORIA QUINTANA | CASE NO.: 2:15-bk-12164-WB<br>CHAPTER: 13 |
| | **NOTICE OF MOTION AND MOTION FOR RELIEF FROM THE AUTOMATIC STAY UNDER 11 U.S.C. § 362 (WITH SUPPORTING DECLARATIONS) REGARDING REAL PROPERTY** |
| | DATE: April 21, 2015<br>TIME:  10:00 a.m.<br>COURTROOM: 1375<br>    U.S. Bankruptcy Court<br>    255 E Temple Street, Los Angeles, CA |

**MOVANT: COMPASS ALTERNATIVE INVESTMENTS, LLC**

1. Hearing Location:   ☒ 255 East Temple Street, Los Angeles     ☐ 411 West Fourth Street, Santa Ana
   ☐ 21041 Burbank Boulevard, Woodland Hills     ☐ 1415 State Street, Santa Barbara
   ☐ 3420 Twelfth Street, Riverside

2. Notice is given to the Debtor and trustee (*if any*)(Responding Parties), their attorneys (*if any*), and other interested parties that on the date and time and in the courtroom stated above, Movant will request that this court enter an order granting relief from the automatic stay as to Debtor and Debtor's bankruptcy estate on the grounds set forth in the attached Motion.

3. To file a response to the motion, you may obtain an approved court form at www.cacb.uscourts.gov/forms for use in preparing your response (optional LBR form F 4001-1.RFS.RESPONSE), or you may prepare your response using the format required by LBR 9004-1 and the Court Manual.

---

4. When serving a response to the motion, serve a copy of it upon the Movant's attorney (or upon Movant, if the motion was filed by an unrepresented individual) at the address set forth above.

5. If you fail to file a written response to the Motion or fail to appear at the hearing, the court may treat such failure as a waiver of your right to oppose the Motion and may grant the requested relief.

6. ☒ This Motion is being heard on REGULAR NOTICE pursuant to LBR 9013-1(d). If you wish to oppose this Motion, you must file a written response to this motion no later than 14 days before the hearing and appear at the hearing.

7. ☐ This Motion is being heard on SHORTENED NOTICE pursuant to LBR 9075-1(b). If you wish to oppose this motion, you must file and serve a response no later than (date) _____ and (time) _____; and, you may appear at the hearing.

   a. ☐ An application for order setting hearing on shortened notice was not required (according to the calendaring procedures of the assigned judge).

   b. ☐ An application for order setting hearing on shortened notice was filed and was granted by the court and such motion and order have been or are being served upon the Debtor and trustee (if any).

   c. ☐ An application for order setting hearing on shortened notice was filed and remains pending. After the court rules on that application, you will be served with another notice or an order that specifies the date, time and place of the hearing on the attached motion and the deadline for filing and serving a written opposition to the motion.

Date:    03/19/2015

Respectfully submitted,

**COMPASS ALTERNATIVE INVESTMENTS, LLC**
Movant name

LAW OFFICE OF JULIAN BACH
Printed name of law firm (*if applicable*)

/s/ JULIAN BACH
Signature of individual Movant or attorney for Movant

JULIAN BACH
Printed name of individual Movant or attorney for Movant

---

This form is mandatory. It has been approved for use in the United States Bankruptcy Court for the Central District of California.

June 2014                                     Page 2                              F 4001-1.RFS.RP.MOTION

## MOTION FOR RELIEF FROM THE AUTOMATIC STAY

1. **Movant is the:**

   ☒ Holder: Movant has physical possession of a promissory note that either (1) names Movant as the payee under the promissory note or (2) is indorsed to Movant, or indorsed in blank, or payable to bearer.
   ☒ Beneficiary: Movant is either (1) named as beneficiary in the security instrument on the subject property (e.g., mortgage or deed of trust) or (2) is the assignee of the beneficiary.
   ☐ Servicing agent authorized to act on behalf of the Holder or Beneficiary.
   ☐ Other (specify):

2. **The Property at Issue (Property):**

   a. Address:

      *Street Address:* 9960 Garibaldi Ave
      *Unit/suite no.:*
      *City, state, zip code:* Temple City, CA 91780

   b. Legal description or document recording number (including county of recording), as set forth in Movant's deed of trust (attached as Exhibit B);

3. **Bankruptcy Case History:**

   a. ☒ A voluntary   ☐ An involuntary   petition under chapter   ☐ 7  ☐ 11  ☐ 12  ☒ 13
      was filed on (specify date): February 13, 2015

   b. ☐ An Order of Conversion to chapter ☐ 7  ☐ 11  ☐ 12  ☐ 13
      was entered on (date):

   c. ☐ A plan, if any, was confirmed on (date):

4. **Grounds for Relief from Stay:**

   a. ☒ Pursuant to 11 U.S.C. §362(d)(1), cause exists to grant Movant relief from stay as follows:

      (1) ☐ Movant's interest in the Property is not adequately protected.

         (A) ☐ Movant's interest in the collateral is not protected by an adequate equity cushion.

         (B) ☐ The fair market value of the Property is declining and payments are not being made to Movant sufficient to protect Movant's interest against the decline.

         (C) ☐ No proof of insurance re Movant's collateral has been provided to Movant, despite the Debtor's obligation to insure the collateral under the terms of Movant's contract with the Debtor.

      (2) ☐ The bankruptcy case was filed in bad faith to delay, hinder, and defraud Movant.
         (A) ☐ Movant is the only creditor, or one of very few creditors, listed or scheduled in the Debtor's case commencement documents.
         (B) ☐ The Property was transferred to the Debtor either just before the bankruptcy filing or after the filing.
         (C) ☐ A non-individual entity was created just prior to bankruptcy petition date for the sole purpose of filing this bankruptcy case.
         (D) ☐ Other bankruptcy cases have been filed in which an interest in the Property was asserted.
         (E) ☐ The Debtor filed only a few case commencement documents with the bankruptcy petition. Schedules and the statement of financial affairs (or chapter 13 plan, if appropriate) have not been filed.

This form is mandatory. It has been approved for use in the United States Bankruptcy Court for the Central District of California.

June 2014                                                      Page 3                                                      F 4001-1.RFS.RP.MOTION

    (F) ☒ Other (*see attached continuation page*).
  (3) ☒ (*Chapter 12 or 13 cases only*)

    (A) ☐ All payments on account of the Property are being made through the Plan.
          ☐ Preconfirmation ☐ Postconfirmation plan payments have not been made to the chapter 12 trustee or chapter 13 trustee.

    (B) ☒ Postpetition mortgage payments due on the note secured by a deed of trust on the Property have not been made to Movant.

  (4) ☐ The Debtor filed a Statement of Intentions that indicates the Debtor intends to surrender the Property.

  (5) ☐ The Movant regained possession of the Property on (date) _____, which is ☐ prepetition ☐ postpetition.

  (6) ☒ For other cause for relief from stay, see attached continuation page.

b. ☐ Pursuant to 11 U.S.C. §362(d)(2)(A), the Debtor has no equity in the Property; and, pursuant to §362(d)(2)(B), the Property is not necessary to an effective reorganization.

c. ☐ Pursuant to 11 U.S.C. §362(d)(3), the Debtor has failed, within the later of 90 days after the order for relief or 30 days after the court determined that the Property qualifies as "single asset real estate" as defined in 11 U.S.C. §101(51B) to file a reasonable plan of reorganization or to commence monthly payments.

d. ☐ Pursuant to 11 U.S.C. §362(d)(4), the Debtor's filing of the bankruptcy petition was part of a scheme to delay, hinder, or defraud creditors that involved:

  (1) ☐ The transfer of all or part ownership of, or other interest in, the Property without the consent of Movant or court approval; or

  (2) ☐ Multiple bankruptcy cases affecting the Property.

5. ☐ **Grounds For Annulment of the Stay.** Movant took postpetition actions against the Property or the Debtor.

  a. ☐ These actions were taken before Movant knew the bankruptcy case had been filed, and Movant would have been entitled to relief from the stay to proceed with these actions.

  b. ☐ Movant knew the bankruptcy case had been filed, but Movant previously obtained relief from stay to proceed with these enforcement actions in prior bankruptcy cases affecting the Property as set forth in Exhibit ___.

  c. ☐ Other (specify):

6. **Evidence in Support of Motion: (*Declaration(s) MUST be signed under penalty of perjury and attached to this motion*)**

  a. ☒ The REAL PROPERTY DECLARATION on page 6 of this motion.

  b. ☐ Supplemental declaration(s).

  c. ☐ The statements made by Debtor under penalty of perjury concerning Movant's claims and the Property as set forth in Debtor's case commencement documents. Authenticated copies of the relevant portions of the case commencement documents are attached as Exhibit ___.

  d. ☐ Other:

7. ☐ **An optional Memorandum of Points and Authorities is attached to this motion.**

This form is mandatory. It has been approved for use in the United States Bankruptcy Court for the Central District of California.

June 2014            Page 4            F 4001-1.RFS.RP.MOTION

## CONTINUATION PAGE
## (MOVANT: COMPASS ALTERNATIVE INVESTMENTS)

*(This Attachment is the continuation page for Paragraph 4. a. (2)(F) and (6))*

1.     Movant is the holder of the second deed of trust secured against the subject property, which is identified as the Debtors' principal residence. **(See Exhibits A, B, C attached hereto)**.

2.     Pursuant to the terms and agreement between the parties, Movant's loan fully matured and is now all due and payable, with a balance due and owing in the amount of $168,893.09. **(See attached Decl., ¶¶8g and 8h)**.

3.     Pursuant to 11 U.S.C. §1322(b)(2), the Debtors cannot modify the terms of Movant's fully matured loan since it is a claim secured solely by the Debtors' principal residence. Further, the Debtors have failed to provide for and/or otherwise included Movant's fully matured loan anywhere in their proposed Chapter 13 Plan. **(See Exhibit G attached hereto)**.

4.     Even if these Debtors did try to include the subject loan in their Chapter 13 Plan, over a maximum 5 year plan, that would require a plan payment just on this loan in the amount of $3,344.28 per month. However, the Debtors have disclosed in their schedules that they have excess available income of only $303.39 per month. (See Exhibit H attached hereto).

5.     As such, cause exists to grant this Motion at this time. ("Cause under 11 U.S.C. §362(d)(1) is not limited to a lack of adequate protection or a finding of bad faith and can exist when a debtor fails to propose a feasible plan." *In re Gundrum,* 509 B.R. 155, 163 (S.D.Ohio2014); *In re Watts,* 2013 WL 5979814, at *6 (Bankr.N.D.Iowa 2013); *In re Garbinksi,* 452 B.R. 574, 581 (Bankr.W.D.Pa2011); *In re Smith,* 333 B.R. 94, 102 (Bankr.M.D.N.C. 2005)).

This form is mandatory. It has been approved for use in the United States Bankruptcy Court for the Central District of California.

June 2014                                           Page4a                                    F 4001-1.RFS.RP.MOTION

**Movant requests the following relief:**

1. Relief from stay is granted under: ☒ 11 U.S.C. §362(d)(1) ☐ 11 U.S.C. §362(d)(2) ☐ 11 U.S.C. §362(d)(3).

2. ☒ Movant (and any successors or assigns) may proceed under applicable nonbankruptcy law to enforce its remedies to foreclose upon and obtain possession of the Property.

3. ☐ Movant, or its agents, may, at its option, offer, provide and enter into a potential forbearance agreement, loan modification, refinance agreement or other loan workout/loss mitigation agreement. Movant, through its servicing agent, may contact the Debtor by telephone or written correspondence to offer such an agreement. Any such agreement shall be nonrecourse unless stated in a reaffirmation agreement.

3. ☐ Confirmation that there is no stay in effect.

4. ☐ The stay is annulled retroactive to the bankruptcy petition date. Any postpetition actions taken by Movant to enforce its remedies regarding this Property shall not constitute a violation of the stay.

5. ☒ The co-debtor stay of 11 U.S.C. §1201(a) or § 1301(a) is terminated, modified or annulled as to the co-debtor, On the same terms and conditions as to the Debtor.

6. ☒ The 14-day stay prescribed by FRBP 4001(a)(3) is waived.

7. ☐ A designated law enforcement officer may evict the Debtor and any other occupant from the Property regardless of any future bankruptcy filing concerning the Property for a period of 180 days from the hearing on this Motion:

    ☐ without further notice, or ☐ upon recording of a copy of this order or giving appropriate notice of its entry in compliance with applicable nonbankruptcy law.

8. ☐ Relief from the stay is granted under 11 U.S.C. § 362(d)(4): If recorded in compliance with applicable state laws governing notices of interests or liens in real property, the order is binding in any other case under this title purporting to affect the Property filed not later than 2 years after the date of the entry of the order by the court, except that a debtor in a subsequent case under this title may move for relief from the order based upon changed circumstances or for good cause shown, after notice and hearing.

9. ☐ The order is binding and effective in any bankruptcy case commenced by or against any debtor who claims any interest in the Property for a period of 180 days from the hearing of this Motion:

    ☐ without further notice, or ☐ upon recording of a copy of this order or giving appropriate notice of its entry in compliance with applicable nonbankruptcy law.

10. ☐ The order is binding and effective in any future bankruptcy case, no matter who the debtor may be:
    ☐ without further notice, or ☐ upon recording of a copy of this order or giving appropriate notice of its entry in compliance with applicable nonbankruptcy law.

11. ☐ Upon entry of the order, for purposes of Cal.Civ. Code §2923.5, the Debtor is a borrower as defined in Cal.Civ. Code §2920.5(c)(2)(C).

12. ☐ If relief from stay is not granted, adequate protection shall be ordered.
13. ☐ See attached continuation page for other relief requested.

Date:  03/19/2015                                LAW OFFICE OF JULIAN BACH
                                                 Printed name of law firm (*if applicable*)

                                                 LAW OFFICE OF JULIAN BACH
                                                 Printed name of individual Movant or attorney for Movant

                                                       /s/ JULIAN BACH
                                                 Signature of individual Movant or attorney for Movant

**REAL PROPERTY DECLARATION**

I, (print name of Declarant) __Ron Kaplan__, declare:

1. I have personal knowledge of the matters set forth in this declaration and, if called upon to testify, I could and would competently testify thereto. I am over 18 years of age. I have knowledge regarding Movant's interest in the real property that is the subject of this Motion (Property) because (*specify*):

   a.  ☐ I am the Movant.

   ☐ I manage the Property as the authorized agent for the Movant.

   ☒ I am employed by Equity Investments Group, loan servicer for Movant as (*state title and capacity*): General Partner

   ☐ Other (*specify*):

2. a. ☒ I am one of the custodians of the books, records and files of Movant that pertain to loans and extensions of credit given to Debtor concerning the Property. I have personally worked on the books, records and files, and as to the following facts, I know them to be true of my own knowledge or I have gained knowledge of them from the business records of Movant on behalf of Movant. These books, records and files were made at or about the time of the events recorded, and which are maintained in the ordinary course of Movant's business at or near the time of the actions, conditions or events to which they relate. Any such document was prepared in the ordinary course of business of Movant by a person who had personal knowledge of the event being recorded and had or has a business duty to record accurately such event. The business records are available for inspection and copies can be submitted to the court if required.

   b. ☐ Other (*specify*):

3. The Movant is:

   a.  ☒ Holder: Movant has physical possession of a promissory note that (1) names Movant as the payee under the promissory note or (2) is indorsed to Movant, or indorsed in blank, or payable to bearer. A true and correct copy of the note, with affixed allonges/indorsements, is attached as Exhibit __A__.

   b.  ☒ Beneficiary: Movant is either (1) named as beneficiary in the security instrument on the subject property (e.g., mortgage or deed of trust) or (2) is the assignee of the beneficiary. True and correct copies of the recorded security instrument and assignments are attached as Exhibits __B and C__.

   c.  ☐ Servicing agent authorized to act on behalf of the:

      ☐ Holder.
      ☐ Beneficiary.

   d.  ☐ Other (*specify*):

4. a. The address of the Property is:

   *Street Address:*    9960 Garibaldi Ave
   *Unit/suite no.:*
   *City, state, zip code:* Temple City, CA 91780

   b. The legal description of the Property or document recording number (including county of recording) set forth in Movant's deed of trust is: Lot 27 of Tract 6561, in the City of Temple City, County of Los Angeles, California as per map recorded in Book 72, Page(s) 34 and 35, of Maps in the office of the County Recorder of said County.

5. Type of property (*check all applicable boxes*):
   a. ☒ Debtor's principal residence     b. ☐ Other residence
   c. ☐ Multi-unit residential           d. ☐ Commercial
   e. ☐ Industrial                        f. ☐ Vacant land
   g. ☐ Other (*specify*):

6. Nature of Debtor's interest in the Property:

   a. ☒ Sole owner

   b. ☐ Co-owner(s) (specify):

   c. ☐ Lien holder (specify):

   d. ☐ Other (specify):

   e. ☒ The Debtor ☒ did ☐ did not list the Property in the Debtor's schedules.

   f. ☒ The Debtor acquired the interest in the Property by ☒ grant deed ☐ quitclaim deed ☐ trust deed
      The deed was recorded on (date) ___03/05/2007___.

7. Movant holds a    ☒ deed of trust    ☐ judgment lien    ☐ other (*specify*) _____ that encumbers the Property.

   a. ☒ A true and correct copy of the document as recorded is attached as Exhibit __B__.

   b. ☒ A true and correct copy of the promissory note or other document that evidences the Movant's claim is attached as Exhibit __A__.

   c. ☒ A true and correct copy of the assignment(s) transferring the beneficial interest under the note and deed of trust to Movant is attached as Exhibit __C__.

8. Amount of Movant's claim with respect to the Property:

   |  | PREPETITION | POSTPETITION | TOTAL |
   |---|---|---|---|
   | a. Principal: | $124,931.33 | $ | $124,931.33 |
   | b. Accrued interest: | $ 40,035.76 | $ | $ 40,035.76 |
   | c. Late charges: | $  3,050.00 | $ | $  3,050.00 |
   | d. Costs (attorney's fees, foreclosure fees other costs): | $ | $ 876.00 | $ 876.00 |
   | e. Advances (property taxes, insurance): | $ | $ | $ |
   | f. Less suspense account or partial balance paid: | $[        ] | $ [        ] | $[        ] |
   | g. TOTAL CLAIM as of: 3/10/2015 | $ | $ | $168,893.09 |

   h. ☒ Loan is all due and payable because it matured on (*date*) __May 30, 2014__.

9. Status of Movant's foreclosure actions relating to the Property (fill the date or check the box confirming no such action has occurred):

   a. Notice of default recorded on (date) _____ or ☒ none recorded.
   b. Notice of sale recorded on (date) _____ or ☐ none recorded.
   c. Foreclosure sale originally scheduled for (date) _____ or ☐ none scheduled.
   d. Foreclosure sale currently scheduled for (date) _____ or ☐ none scheduled.
   e. Foreclosure sale already held on (date) _____ or ☐ none held.
   f. Trustee's deed upon sale already recorded on (date) _____ or ☐ none recorded.

10. Attached (*optional*) hereto as Exhibit __E__ is a true and correct copy of a POSTPETITION statement of account that accurately reflects the dates and amounts of all charges assessed to and payments made by the Debtor since the petition date.

11. ☐ (chapter 7 and 11 cases only) Status of Movant's loan:

This form is mandatory. It has been approved for use in the United States Bankruptcy Court for the Central District of California.

June 2014                                    Page 7                                    F 4001-1.RFS.RP.MOTION

a. Amount of current monthly payment as of the date of this declaration: $ **LOAN IS ALL DUE AND PAYABLE** for the month of _____.

b. Number of payments that have come due and were not made: ____ Total amount: $ _40,035.76_ .

c. Future payments due by time of anticipated hearing date (*if applicable*):

   An additional payment of $_____ will come due on (date) _____, and on the ____ day of each month thereafter. If the payment is not received within _____ days of said due date, a late charge of $_____ will be charged to the loan.

d. The fair market value of the entire Property is $_____, established by:
   (1) ☐ An appraiser's declaration with appraisal attached as Exhibit _____.
   (2) ☐ A real estate broker or other expert's declaration regarding value is attached as Exhibit ____.
   (3) ☐ A true and correct copy of relevant portion(s) of Debtor's schedules attached as Exhibit _____.
   (4) ☐ Other (*specify*):

e. **Calculation of equity/equity cushion in Property:**

   Based upon ☐ a preliminary title report ☐ the Debtor's admissions in the schedules filed in this case, the Property is subject to the following deed(s) of trust or lien(s) in the amounts specified securing the debt against the Property:

   | **Name of Holder** | **Amount as Scheduled by Debtor (*if any*)** | **Amount known to Declarant and Source** |
   |---|---|---|
   | 1st deed of trust: | | |
   | 2nd deed of trust: | | |
   | 3rd deed of trust: | | |
   | Judgment liens: | | |
   | Taxes: | | |
   | Other: | | |

   **TOTAL DEBT: $_____.**

f. Evidence establishing the existence of these deed(s) of trust and lien(s) is attached as Exhibit ___ and consists of:

   (1) ☐ Preliminary title report

   (2) ☐ Relevant portions of Debtor's schedules.

   (3) ☐ Other (*specify*):

g. ☐ **11 U.S.C. §362(d)(1) – Equity Cushion:**
   I calculate that the value of the "equity cushion" in the Property exceeding Movant's debt and any lien(s) senior to Movant's debt is $_____ and is _____% of the fair market value of the Property.

h. ☐ **11 U.S.C. §362(d)(2)(A) – Equity:**
   By subtracting the total amount of all liens on the Property from the value of the Property as set forth in Paragraph 11(e) above, I calculate that the Debtor's equity in the Property is $_____.

i. Estimated costs of sale: $_____ (estimate based upon ___% of estimated gross sales price)

j. The fair market value of the Property is declining because:

12. ☒ (Chapter 12 and 13 cases only) Status of Movant's loan and other bankruptcy case information:
    a. A 341(a) meeting of creditors is currently scheduled for (*or concluded on*) the following date: 3/31/2015
       A plan confirmation hearing currently scheduled for (*or concluded on*) the following date: May 6, 2015
       A plan was confirmed on the following date (*if applicable*):

---

This form is mandatory. It has been approved for use in the United States Bankruptcy Court for the Central District of California.

June 2014                                           Page 8                                   F 4001-1.RFS.RP.MOTION

b. Postpetition preconfirmation payments due BUT REMAINING UNPAID since the filing of the case:
*(Number of)*            payment(s) due at $            Each = $
*(Number of)*            payment(s) due at $            Each = $
*(Number of)*            payment(s) due at $            Each = $
*(Number of)*            payment(s) due at $            Each = $
*(Number of)*            late charges at      $            Each = $
*(Number of)*            late charges at      $            Each = $
*(Number of)*            late charges at      $            Each = $
*(Number of)*            late charges at      $            Each = $
*(See attachment for additional breakdown of information attached as Exhibit _____.)*

c. Postpetition payments due BUT REMAINING UNPAID since the filing of the case:
*(Number of)*            payment(s) due at $            Each = $
*(Number of)*            payment(s) due at $            Each = $
*(Number of)*            payment(s) due at $            Each = $
*(Number of)*            payment(s) due at $            Each = $
*(Number of)*            late charges at      $            Each = $
*(Number of)*            late charges at      $            Each = $
*(Number of)*            late charges at      $            Each = $
*(Number of)*            late charges at      $            Each = $
*(See attachment for additional breakdown of information attached as Exhibit _____.)*

d. Postpetition advances or other charges due but unpaid: $
*(For details of type and amount, see Exhibit ___.)*

e. Attorneys' fees and costs                                              **$876.00**
*(See attachment for details of type and amount, see Exhibit  F .)*

f. Less suspense or partial paid balance                         [$          ]

      TOTAL POSTPETITION DELINQUENCY:        **$168,893.09** (loan fully matured pre-petition)

g. Future payments due by time of anticipated hearing date *(if applicable)*:
An additional payment of $_____ will come due on _____, and on the ____ day of each month thereafter. If the payment is not received by the ____ day of the month, a late charge of $_____ will be charged to the loan.

h. Amount and date of the last 3 postpetition payments received from the Debtor in good funds, regardless of how applied (if applicable):
$_____ received on _____.
$_____ received on _____.
$_____ received on _____.

i. ☐ The entire claim is provided for in the chapter 12 or 13 plan and postpetition plan payments are delinquent. A plan payment history is attached as Exhibit _____. See attached declaration(s) of chapter 12 trustee or 13 trustee regarding receipt of payments under the plan *(attach LBR form F 4001-1.DEC.AGENT.TRUSTEE)*.

13. ☐ Proof of insurance regarding the Property has not been provided to Movant, despite the Debtor's obligation to Insure the collateral under the terms of Movant's contract with the Debtor.

14. ☐ The court determined on (date) _____ that the Property qualifies as "single asset real estate" as defined in 11 U.S.C. §101(51B). More than 90 days have passed since the filing of the bankruptcy petition; more than 30 days have passed since the court determined that the Property qualifies as single asset real estate; the Debtor has not filed a plan of reorganization that has a reasonable possibility of being confirmed within a reasonable time; or the Debtor has not commenced monthly payments to Movant as required by 11 U.S.C. § 362(d)(3).

This form is mandatory. It has been approved for use in the United States Bankruptcy Court for the Central District of California.

June 2014                                              Page 9                                     **F 4001-1.RFS.RP.MOTION**

15. ☐ The Debtor's intent is to surrender the Property. A true and correct copy of the Debtor's statement of intentions is attached as Exhibit _____.

16. ☐ Movant regained possession of the Property on (date) _____, which is ☐ prepetition ☐ postpetition.

17. ☐ The bankruptcy case was filed in bad faith:

    a. ☐ Movant is the only creditor or one of very few creditors listed the Debtor's case commencement documents.

    b. ☐ Other bankruptcy cases have been filed in which an interest in the Property was asserted.

    c. ☐ The Debtor filed only a few case commencement documents. Schedules and the statement of financial affairs (or chapter 13 plan, if appropriate) have not been filed.

    d. ☐ Other (*specify*):

18. ☐ The filing of the bankruptcy petition was part of a scheme to delay, hinder, or defraud creditors that involved:

    a. ☐ The transfer of all or part ownership of, or other interest in, the Property without the consent of Movant or court approval. See attached continuation page for facts establishing the scheme.

    b. ☐ Multiple bankruptcy cases affecting the Property include:

        1. Case name:
           Chapter:                Case number:
           Dated filed:            Date discharged:              Date dismissed:
           Relief from stay re this Property    ☐ was    ☐ was not granted

        2. Case name:
           Chapter:                Case number:
           Dated filed:            Date discharged:              Date dismissed:
           Relief from stay re this Property    ☐ was    ☐ was not granted

        3. Case name:
           Chapter:                Case number:
           Dated filed:            Date discharged:              Date dismissed:
           Relief from stay re this Property    ☐ was    ☐ was not granted

    ☐ See attached continuation page for information about other bankruptcy cases affecting the Property.

    ☐ See attached continuation page for facts establishing that the multiple bankruptcy cases were part of a scheme to delay, hinder, or defraud creditors.

This form is mandatory. It has been approved for use in the United States Bankruptcy Court for the Central District of California.

June 2014                                Page10                                F 4001-1.RFS.RP.MOTION

19. ☐ Enforcement actions taken after the bankruptcy petition was filed are specified in the attached supplemental declaration(s).

   a. ☐ These actions were taken before Movant knew the bankruptcy petition had been filed, and Movant would

   a. ☐ These actions were taken before Movant knew the bankruptcy petition had been filed, and Movant would have been entitled to relief from stay to proceed with these actions.

   b. ☐ Movant knew the bankruptcy case has been filed, but Movant previously obtained relief from stay to proceed with these enforcement actions in prior bankruptcy cases affecting this Property as set forth in Exhibit _____.

   c. ☐ For other facts justifying annulment, see attached continuation page.

**I declare under penalty of perjury under the laws of the United States that the foregoing is true and correct.**

March 18 2015           Ron Kaplan                      *Ron Kaplan* (DocuSigned)
Date                    Printed name                    Signature